UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IYONNA NEADLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>STREAMLINE PERFORMANCE, INC.<br><br>Defendant. | Case No.: 7:23-cv-07108<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**PUTATIVE CLASS ACTION** |

## INTRODUCTION

1. Plaintiff Iyonna Neadle ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Streamline Performance, Inc. ("Defendant") in negligently and/or willfully using prerecorded messages to call Plaintiff on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges the following upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. To promote its goods and services, Defendant engages in unsolicited prerecorded calls without the requisite express written consent.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

1

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendants' unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff. Additionally, Plaintiff's mobile phone number has a 347-area code which is associated with New York.

## PARTIES

6. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Bronx, New York.

7. Defendant is a corporation whose principal office is located in California State. Defendant directs, markets, and provides its business activities throughout the state of New York including sending prerecorded marketing voice calls to New York residents like Plaintiff.

## FACTS

8. On or about July 6, 2023, Defendant caused a prerecorded voice message to be transmitted to Plaintiff's cellular telephone number ending in 8299 ("8299 Number") from the telephone number 531-776-4124.

9. When Plaintiff listened to the voicemail she was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

10. Plaintiff is the sole user of the 8299 Number.

11. Defendant's prerecorded message call constitutes telemarketing/advertising because their purpose was to promote Defendants' business, goods and services.

12.  Defendant operates and/or owns the website verifydebtsolutions.com which provides 866-709-9186 as its call back number as shown below:



1

13.  866-709-9186 is also affiliated with peachtreedebtrelief.com which is another website Defendant operates and/or owns[2] as shown below:



3

---

[1] verifydebtsolutions.com/faq/
[2] bbb.org/us/ca/santa-ana/profile/debt-relief-services/peachtree-debt-relief-1126-1000090431
[3] Peachtreedebtrelief.com

14. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted for marketing purposes by prerecorded messages.

15. Plaintiff received the subject call with a prerecorded voice within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial district.

16. The prerecorded calls at issue were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

17. Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

18. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

19. Plaintiff brings this case on behalf of the Class defined as follows:

> All persons in the United States who, within four years prior to the filing of this action, (1) Defendant or someone on its behalf, (2) placed a call using a prerecorded or artificial voice message (3) where the purpose of the call was to encourage the purchase or rental of, or investment in, Defendant's property, goods, or services

20. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

21. Defendant and their employees are excluded from the Classes. Plaintiff does not know the number of members in each the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

22. Upon information and belief, Defendant has sent prerecorded messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their

prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

### COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

    a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' telephones using prerecorded messages;

    b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    c) Whether Defendants' conduct was knowing and willful;

    d) Whether Defendant is liable for damages, and the amount of such damages; and

    e) Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendants' wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendants from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiff and Class)**

30. Plaintiff re-alleges and incorporates the foregoing allegations as if set forth herein.

31. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…" 47 U.S.C. § 227(b)(1)(B).

32. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common

carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii), and to to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

33. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

34. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and Class members.

35. Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

36. Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

37. Defendant knew that they did not have prior express consent to make these calls and knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

38. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. Id.

39. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d) As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists,

electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendants to assist in sending the alleged communications.

Dated: August 11, 2023

                Respectfully Submitted,

**DAPEER LAW, P.A.**

*/s/ Rachel Dapeer*
Rachel Dapeer
New York Bar No. 4995130
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
T: 305-610-5223
*rachel@dapeer.com*

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
**HIRALDO P.A.**
Florida Bar No. 030380
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
T: 954-400-4713
E: mhiraldo@hiraldolaw.com
*Pro Hac Vice To Be Filed*